United States District Court
Southern District of Texas
ENTERED
August 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-25-2998 |
| SCHINDLER ELEVATOR CORPORATION, | § | |
| GALIUM MILLENNIUM, LLC, and | § | |
| GREYSTAR GP, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Michael Gomez ("Plaintiff") brought this action against Schindler Elevator Corporation ("Schindler"), Galium Millennium, LLC ("Galium"), Greystar GP, LLC ("Greystar"), and GREP Texas, LLC (collectively referred to as "Defendants"), alleging claims of premises liability and negligence. Pending before the court is Defendant Schindler Elevator Corporation's Motion for Traditional and No-Evidence Summary Judgment and Brief in Support ("Schindler's MSJ") (Docket Entry No. 25). For the reasons stated below, Schindler's Motion for Summary Judgment will be granted.

## I. Background

On July 7, 2023, Plaintiff was visiting his mother at Millennium High Street Apartments.[1] During his visit Plaintiff went downstairs to pick up the groceries that his mother had ordered from

[1]Deposition of Plaintiff, Exhibit A to Schindler's MSJ, Docket Entry No. 25-1, p. 2 lines 13-17, 23-24. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

DoorDash.[2] To get back to his mother's apartment Plaintiff walked to the elevator, set the groceries on the ground, and pressed the button to call the elevator.[3] As the elevator doors opened Plaintiff began picking up the groceries from the floor.[4] To stop the elevator doors from closing until he could pick up all of the groceries, Plaintiff stuck his leg between the doors.[5] However, the elevator doors continued to close on his leg.[6] As a result, the door hit the right side of his elbow, causing him to trip and fall over the groceries.[7] Plaintiff claims that the fall has caused pain in his elbow and lower back.[8] Schindler provides maintenance on the five elevators located at Millennium High Street Apartments.[9]

On March 8, 2024, Plaintiff brought this action against Galium in the 281st District Court of Harris County, Texas, alleging claims of premises liability and negligence.[10] On September 24, 2024, Plaintiff amended his Petition to add Greystar as a defendant.[11] On May 20, 2025, Plaintiff

---

[2]Id. at 2 lines 24-25, p. 3 lines 1-6.

[3]Id. lines 11-13.

[4]Id. lines 14-15.

[5]Id. lines 15-17.

[6]Id. lines 17-18.

[7]Id. lines 18-19.

[8]Id. line 25 thru p. 4 line 1.

[9]Schindler's MSJ, Docket Entry No. 25, p. 3. Galium and Schindler entered a maintenance contract in 2014. Id.

[10]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-3, pp. 2, 4-5.

[11]Plaintiff's First Amended Petition, Exhibit D to Notice of Removal, Docket Entry No. 1-5, pp. 2-3.

filed a Second Amended Petition, adding Schindler as a defendant.[12] On June 27, 2025, Schindler removed the action to this court based on diversity jurisdiction.[13] On October 10, 2025, Plaintiff filed a Fourth Amended Petition reasserting his premises liability and negligence claims against Schindler, Galium, and Greystar, and adding GREP Texas, LLC as a defendant.[14]

On July 13, 2026, Schindler filed its Motion for Summary Judgment, arguing that Plaintiff's premises liability and negligence claims against it fail as a matter of law.[15] Plaintiff has not filed a response.

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548,

---

[12]Plaintiff's Second Amended Petition, Exhibit I to Notice of Removal, Docket Entry No. 1-10, pp. 2-3. On May 23, 2025, Plaintiff filed another Second Amended Petition, Exhibit J to Notice of Removal, Docket Entry No. 1-11, which is a duplicate of the Second Amended Petition filed on May 20, 2025.

[13]Notice of Removal, Docket Entry No. 1. Plaintiff is a citizen of Texas, Galium is a citizen of Florida, Greystar is a citizen of South Carolina, and Schindler is a citizen of Delaware and New Jersey. Id. at 3-4. Moreover, Plaintiff's Second Amended Petition seeks damages in excess of $1,000,000. Id. at 4.

[14]Plaintiff's Fourth Amended Petition, Docket Entry No. 10, pp. 1-2, 4-5.

[15]Schindler's MSJ, Docket Entry No. 25, pp. 1-2.

2552 (1986). "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 2554. "The burden shifts to the non-moving party to show, with competent evidence, the existence of a genuine dispute of material fact." Miller v. Michaels Stores, Inc., 98 F.4th 211, 216 (5th Cir. 2024). "'The burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Swope v. Columbian Chemicals Co., 281 F.3d 185, 197 (5th Cir. 2002) (quoting 10A Wright, Miller & Kane, Federal Practice and Procedure § 2727, at 490 (3d ed. 1998)).[16] But "'[a] mere scintilla of evidence is insufficient to present a question for the jury.'" Rex Real Estate I, L.P. v. Rex Real Estate Exchange, Inc., 80 F.4th 607, 616 (5th Cir. 2023).

The court "must 'view all facts and draw all reasonable inferences in [the nonmovant's] favor.'" Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee, 129 S. Ct. 846, 851 n.2 (2009). The court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendants' [Motion] within 21 days, the motion is treated as unopposed.[17] But a party's failure to respond is not in itself grounds for granting the motion. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess whether summary judgment is warranted.

---

[16]See also 10A Wright, Miller, & Kane, Federal Practice & Procedure § 2727.2, at 501 (4th ed. 2016) (same).

[17]See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

## III. Analysis

Schindler argues that it is entitled to summary judgment as a matter of law (1) because Plaintiff is precluded under Texas law from asserting a negligence claim, and (2) Plaintiff cannot maintain a premises liability claim against Schindler because it is not the owner or operator of the premises where the incident occurred and because Schindler did not have actual or constructive knowledge that the elevator posed an allegedly dangerous condition.[18]

### A. Plaintiff is precluded from asserting an ordinary negligence claim.

"Under Texas law, a person injured on another's property has two potential but mutually exclusive causes of action against the owner of the property: (1) an ordinary negligence claim arising from a negligently conducted activity on the premises, or (2) a premises liability claim for an unreasonably dangerous condition on the premises." Lopez v. Ensign U.S. Southern Drilling, LLC, 524 S.W.3d 836, 845 (Tex. App.–Houston [14th Dist.] 2017, no pet.) (citing Clayton W. Williams Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997)). Because Plaintiff's Fourth Amended Petition asserts a premises liability claim based on an unreasonably dangerous condition, Plaintiff is precluded under Texas law from asserting his ordinary negligence claim against Schindler.[19] Id.; see also Driskell v. Concrete Raising Corporation, NO. 14-19-00117-CV, 2021 WL 1184400, at *11 (Tex. App.–Houston [14th Dist.] Mar. 30, 2021, no pet.) ("Because [plaintiff's] claims in this case stem from an alleged premises defect, she cannot recast them in negligence. [Plaintiff's] claims for

[18]Schindler's MSJ, Docket Entry No. 25, pp. 1–2, 6-9.

[19]Plaintiff's Fourth Amended Petition, Docket Entry No. 10, pp. 1, 4-5. Although Plaintiff titled his claim as "Plaintiff's Claim for Premises Liability Against Defendants," his petition blends elements of negligence and premises liability. Id. at 4 ("Defendants . . . are liable to Plaintiff for their negligent conduct toward Plaintiff"). To the extent Plaintiff intended to raise a negligence claim, it is preluded under Texas law for the reasons explained above.

negligence, negligent hiring, negligent undertaking, negligence per se, and gross negligence against [defendant] are not viable. . . ."). Therefore, Plaintiff's only remaining claim is his premises liability claim.[20]

**B. Schindler is entitled to summary judgment on Plaintiff's premises liability claim.**

"To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." Henkel v. Norman, 441 S.W.3d 249, 251–52 (Tex. 2014).

1. Duty

Schindler argues that it is entitled to summary judgment because it is not the owner or operator of the premises where the incident occurred .[21]

---

[20]However, even if Plaintiff was not precluded from asserting his negligence claim, it fails as a matter of law because Plaintiff failed to disclose expert testimony to establish his claim. Romo v. Ford Motor Co., 798 F.Supp.2d 798, 808-09 (S.D. Tex. 2011) (stating that under Texas law "expert testimony is required [to establish causation] unless 'general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the casual relationship between the event and the condition'"). Courts have routinely required expert testimony regarding the maintenance and operation of an elevator system. See Camacho v. Schindler Elevator Corp., No. A-13-CV-1091-LY, 2014 WL 7157127, at *3 (W.D. Tex. Dec. 15, 2014), report and recommendation adopted 2015 WL 11281554 (W.D. Tex. Mar. 31, 2015) ("Because the maintenance and operation of an escalator system involves technical and specialized knowledge, [plaintiff] cannot demonstrate a breach in the standard of care in operating or maintaining an escalator without a qualified expert."); Virgin v. Saia Motor Freight Line, LLC, Civil Action No. 4:24-cv-3238, 2025 WL 3503044, at *6-*7 (S.D. Tex. Nov. 17, 2025) (granting summary judgment in favor of the defendant because plaintiff failed to produce an expert witness to establish that the defendant owed an industry-recognized duty).

[21]Schindler's MSJ, Docket Entry No. 25, p. 2.

"Generally, an owner or occupier of property has a duty to keep the premises under its control in a safe condition." United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 473 (Tex. 2017). Therefore "[t]o prevail on a premises-liability claim, 'a plaintiff must prove that the defendant possessed – that is, owned, occupied, or controlled – the premises where [the] injury occurred.'" Holland v. Memorial Hermann Health System, 570 S.W.3d 887, 897 (Tex.App.–Houston [1st Dist.] 2018, no pet.) (citing Wilson v. Texas Parks & Wildlife Department, 8 S.W.3d 634, 635 (Tex. 1999)). A contractor owes an invitee a duty of care if it "'assumed sufficient control over the part of the premises that presented the alleged danger so that the [contractor] had the responsibility to remedy it.'" Aguilar v. Regal Cinemas, Inc., Case No. 5:20-CV-01029-JKP, 2024 WL 4341895, at *7 (W.D. Tex. Sept. 25, 2024) (quoting City of Cameron v. Brown, 80 S.W.3d 549, 556 (Tex. 2002)).

Although the maintenance contract between Schindler and Galium states that "[p]ossession or control of the [elevator] shall remain with [Galium], and [that Galium] shall retain its normal responsibility and liability as Owner, Possessor, or Custodian of the [elevator],"[22] the maintenance contract also states that Schindler "will regularly examine, clean, lubricate, adjust and where conditions warrant, repair or replace broken or malfunctioning components."[23] The fact that Schindler has assumed certain maintenance responsibilities over the elevator is evidence that Schindler has control over the elevator. City of Cameron, 80 S.W.3d at 556 (concluding that the defendant assumed sufficient control over a causeway it did not own because the defendant had a maintenance contract with the State, and the defendant had assumed certain maintenance

---

[22]Schindler EW - Extended Warranty Agreement, Exhibit B to Schindler's MSJ, Docket Entry No. 25-2, pp. 2, 3.

[23]Id. at 2.

responsibilities over the causeway's streetlight system); see also Aguilar, 2024 WL 4341895, at *7 (holding that though the maintenance contract stated that Regal maintained control over the escalator, the contract did not conclusively establish that Schindler did not have control over the escalator).

"Because the summary judgment evidence presented does not conclusively establish whether Schindler had sufficient control of the [elevator] to establish a duty to [Plaintiff], this is a disputed issue of fact which must be determined by a jury. Aguilar, 2024 WL 4341895, at *8.

2. Actual or Constructive Knowledge

Schindler also argues that it is entitled to summary judgment because Schindler did not have actual or constructive knowledge that the elevator posed an allegedly dangerous condition.[24]

"An invitee in a premises-liability case must prove that the premises owner had actual or constructive knowledge of a dangerous condition on the premises." Albertsons, LLC v. Mohammadi, 689 S.W.3d 313, 317 (Tex. 2024) (internal quotation marks omitted). "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident." Id. (internal quotation marks omitted). "[C]onstructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." Id. (internal quotation marks omitted). In a premises liability case the plaintiff must present some evidence to establish the length of time the condition existed before the injury because "[w]ithout some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 816 (Tex. 2002).

---

[24]Schindler's MSJ, Docket Entry No. 25, pp. 8-9.

Plaintiff has presented no evidence that establishes the length of time the condition existed before his injury. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 102 (Tex. 2000) (holding that the time-notice rule, which requires the plaintiff to present evidence to establish the length of time the condition existed before the injury, applies to all premises liability cases, not just slip-and-fall cases). Moreover, there is no evidence that establishes (1) that Galium notified Schindler of the allegedly defective elevator doors, as required by the maintenance contract between Schindler and Galium,[25] or (2) that Schindler failed to inspect the elevator "as frequently as it reasonably should." Id. (stating that there was no evidence of constructive knowledge because plaintiff failed to present evidence that defendant failed to inspect the step as frequently as it reasonably should). The only evidence before the court on this issue establishes that American Elevator Inspections completed an annual inspection for the elevator at issue in 2019 and 2021 and two in 2024.[26] During those inspections, American Elevator Inspections concluded that the elevator was operating properly.[27]

Because Plaintiff has failed to produce evidence that Schindler had actual or constructive knowledge of the allegedly defective elevator, Plaintiff's premises liability claim against Schindler fails as a matter of law.

---

[25]Schindler EW - Extended Warranty Agreement, Exhibit B to Schindler's MSJ, Docket Entry No. 25-2, p. 3. Schindler states, without presenting evidence, that its "maintenance records show that [Galium] had not informed Schindler of any recent operational problems involving any alleged sensor or door closure issue of the subject elevator." Schindler's MSJ, Docket Entry No. 25, p. 9.

[26]Official City of Houston Inspection Record Summary, Exhibit C to Schindler's MSJ, Docket Entry No. 25-3, pp. 2-5.

[27]Id.

## IV. Conclusion and Order

For the reasons explained above, Defendant Schindler Elevator Corporation's Motion for Traditional and No-Evidence Summary Judgment and Brief in Support (Docket Entry No. 25) is **GRANTED**, and Plaintiff's claims against Schindler are **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on this the 17th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE